UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS WALSH, III,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MICHIGAN CITY and OFFICER CHARLES HENDERSON,<br><br>Defendants. | CAUSE NO. 3:19-CV-419 DRL |

OPINION & ORDER

Thomas Walsh, III sued Officer Charles Henderson and Michigan City for excessive force, battery, and negligence. He moves *pro se* for the court to reconsider its summary judgment on all claims [ECF 50]. He moved within 28 days of the court's judgment, so the court analyzes his motion under Federal Rule of Civil Procedure 59(e). *See Banister v. Davis*, 140 S. Ct. 1698, 1710 n.9 (2020).

Mr. Walsh must show that the court committed "a manifest error of law or fact" or "that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)) (internal quotations omitted). A manifest error means a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Mr. Walsh doesn't argue that the court erred in its legal conclusions. He says false evidence was used and, once more, recounts his version of the facts. He also asks that his judgment be reconsidered because of the discovery of new evidence, namely witness Nora McKee, the nurse present at the scene of the incident.

The court rejects Mr. Walsh's argument that it erred in not relying on his own remembrance of the incident but on the testimony in Officer Henderson's affidavit. Federal Rule of Civil Procedure

56 required Mr. Walsh to come forth with *evidence*, not mere allegations, on which a reasonable jury could find in his favor. *See Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). As previously stated in the court's summary judgment order, Mr. Walsh's response rested merely on an unsworn statement. That isn't evidence. *See Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001). "Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow those rules." *Whitfield v. Snyder*, 263 F. Appx. 518, 521 (7th Cir. 2008). Because Mr. Walsh presented no evidence disputing Officer Henderson's testimony or the facts corroborated by Ms. McKee, his sister Deanna Walsh, and his own admissions at his plea hearing, the court correctly relied on these undisputed facts and granted summary judgment.

Last, Mr. Walsh asks the court to reconsider his case in light of newly discovering Ms. McKee to be the nurse present at the scene of the incident. To succeed on a motion under Rule 59 asserting newly discovered evidence, "a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Cincinnati Life*, 722 F.3d at 955 (quoting *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008)).

Mr. Walsh cannot meet this standard. He says he discovered Ms. McKee's name on May 17, 2021—over three months after the summary judgment motion was filed and a week after the order was entered. Through due diligence and a mere glance at the docket, he could have easily discovered who Ms. McKee was as the defendants filed her affidavit as an exhibit to their motion on February 1, 2021 [ECF 41-2]. This was not newly discovered evidence within the meaning of Rule 59 then. Nor has he shown due diligence. "Simply put, '[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Cincinnati Life*, 722 F.3d at 956 (quoting *Oto*, 224 F.3d at 606).

3

Further, Mr. Walsh must also establish that the new evidence "would probably produce a new result." *Id.* at 955 (quoting *Envtl. Barrier Co., LLC*, 540 F.3d at 608). He is incapable of doing so because the court already considered Ms. McKee's account of the incident via her affidavit in its decision to grant summary judgment and still found in favor of the defendants. Because Mr. Walsh cannot meet the prerequisites to clearly establish that his alleged newly discovered evidence precludes entry of judgment, he cannot prevail on his reconsideration motion.

The court thus DENIES Mr. Walsh's motion for reconsideration [ECF 53].

SO ORDERED.

October 18, 2021                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court